

FILED

NOV - 3 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                  Case No. 06-21891-A-7

THOMAS PISHOS,                Docket Control No. PA-1

                                      Date: August 31, 2009
        Debtor.                 Time: 9:00 a.m.

**MEMORANDUM**

    Ghaus Malik and National City Mortgage move to disqualify counsel for the trustee, Desmond, Nolan, Livaich & Cunningham (DNLC), on the grounds that (1) it is not a disinterested party within the meaning of 11 U.S.C. § 327 due to his representation of the trustee's predecessor, trustee Kenneth Sanders, and (2) it has not complied with the disclosure requirements of Fed. R. Bankr. P. 2014.

    The trustee opposes the motion, arguing: (a) the movants lack standing because they are not creditors; (b) this motion has been filed for an improper purpose; (c) the motion is untimely inasmuch as DNLC and the movants have been involved in litigation for more than a year and a half; (d) the movants have not shown that DNLC is an interested party; (e) DNLC hold no, nor represents, adverse interest; and (f) DNLC has violated no disclosure requirements.

Subject to court approval, 11 U.S.C. § 327(a) permits a trustee to employ a professional to assist the trustee in the administration of the estate. Such professional must "not hold or represent an interest adverse to the estate, and [must be a] disinterested [person]." 11 U.S.C. § 327(a).

"The [professional's employment] application shall state the specific facts showing the necessity for the employment, . . . and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. R. Bankr. P. 2014(a).

A motion to disqualify counsel is a drastic measure which courts should hesitate to grant unless absolutely necessity. Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983). Such motions are often tactically motivated. Thus, the movant must satisfy a high standard of proof. Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92, 794 (2nd Cir. 1983). The motions, as a result, are subject to particularly strict judicial scrutiny. Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1049 (9th Cir. 1985). To be justified, a disqualification motion must establish present concerns of impropriety, and not merely

anticipatory and speculative concerns. <u>City of Long Beach v. Standard Oil Co. of California (In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litigation)</u>, 658 F.2d 1355, 1361 (9th Cir. 1981).

This motion is brought in the bankruptcy case, not in the ongoing adversary proceeding between the parties. The movants, then, are not asking the court to disqualify DNLC in its capacity as counsel for the plaintiff/trustee in pending litigation, but as counsel for the trustee of the bankruptcy estate. The movants have filed no claim against the estate, nor do they have an interest in the debtor.

Also, even if the movants might be creditors of the estate, they have maintained in the pending litigation that the estate does not have sufficient assets to make any distribution to unsecured creditors. So, even if the movants are unsecured creditors, they do not have economic stake in the outcome of the estate's administration.

Consequently, the standing of the movants to challenge the qualifications of the trustee's counsel is dubious at best.

And, the movants have been involved in litigation with the trustee since January 2008, over one and one-half years ago. For the movants to make this motion at this late date is disingenuous. Disqualifying DNLC at this time would be grossly prejudicial to the trustee and the estate. The estate would have to incur substantial expenses in employing and educating any new counsel.

Further, the movants have produced no evidence showing that DNLC has an interest adverse to the estate or that the prior

trustee, Mr. Sanders, whom DNLC also represented, has an interest adverse to the estate. The movants cite <u>Kagan v. Stubbe (In re El San Juan Hotel Corp.)</u>, 239 B.R. 635 (B.A.P. 1st Cir. 1999), in support of the argument that DNLC has actual and potential conflict of interest in representing Ms. Smith, given its prior representation of Mr. Sanders.

However, in <u>San Juan Hotel</u>, the original trustee had been forced out by creditors and a successor trustee was appointed "to investigate the management of" the original trustee. <u>Id</u>. at p. 639. Despite this history, counsel for the successor trustee contemporaneously represented the original trustee in a different bankruptcy case. <u>Id</u>. at p. 640. This created a disqualifying interest for counsel. Counsel could not represent both the estate and the former trustee against whom the estate might have a claim. <u>Id</u>. at 649.

In this case, Mr. Sanders resigned his position as trustee because he had accepted a position with a law firm that represented the son and former business partner of the debtor. <u>See</u> Docket No. 84. Mr. Sanders was not forced out. He voluntarily left his position as a trustee in order to avoid a conflict. Ms. Smith was appointed, not to investigate Mr. Sanders, but to simply continue the administration of the case.

The court will not disqualify DNLC, especially this late into the proceedings, when no clear and definite improprieties have been identified. <u>Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litigation</u> at 1361; <u>see also</u> <u>Universal Bank v. Marvel (In re Marvel)</u>, 251 B.R. 869, 871 (Bankr. N.D. Cal. 2000). In discussing conflict of interest, the movants

refer to "claims the estate *may have* against [Ms. Smith's] predecessor." See Motion at 17. But, no such claims have been identified.

Turning to the disclosure issue, DNLC's application for employment as counsel of Ms. Smith admittedly contains no reference to its prior employment with Mr. Sanders. However, its prior application to represent Mr. Sanders is a matter of public record in this case. While the better practice would have been to disclose the representation of the prior trustee, given that the court approved that employment in the same case, given that both applications were a matter of public record available to the movants and parties in interest, given the advanced stage of the proceedings and the absence of present actual conflicts, the nondisclosure is not fatal. The court concludes that, taking the two employment applications together, there was substantial compliance with Rule 2014(a).

Finally, the court notes that the movants are represented by very experienced and competent bankruptcy counsel. It is difficult to believe, and the court does not believe, that counsel did not apprise herself of the entire record in this case after her first appearance. If there was a genuine problem, it would have been brought to the court's attention more seasonably.

A separate order denying the motion will be entered.

Dated: 3 Nov. 2009

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Estela Pino
800 Howe Ave #420
Sacramento, CA 95825

G. Williams
PO Box 7683
Stockton, CA 95267

J. Cunningham
1830 15th St
Sacramento, CA 95811

American Express Bank FSB
c/o Becket and Lee
PO Box 3001
Malvern, PA 19355-0701

Wilshire Credit Corporation
PO Box 8517
Portland, OR 97207-8517

Gonzales And Sisto, LLP
855 University Ave
Sacramento, CA 95825

Bonnie Pishos
1040 W Kettleman Ln #387
Lodi, CA 95240

Thomas Pishos
1040 W Kettleman Ln #387
Lodi, CA 95240

Susan Smith
7485 Rush River Dr #710-PMB 218
Sacramento, CA 95831

Dated: November 3, 2009

_____
Susan C. Cox
Judicial Assistant to Judge McManus